IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BRUCE ADDINGTON
DONNA ADDINGTON, and
ROBERT ADDINGTON

      Plaintiffs,

v.

RALEIGH MINE AND
INDUSTRIAL SUPPLY, INC. and
STIRL RICHARD SMITH,

      Defendants,

Civil Action No. 2:12-cv-6404
The Hon. _____

## COMPLAINT

**NOW COME** Bruce Addington, Donna Addington, and Robert Addington (sometimes collectively referred to herein as "Plaintiffs"), by counsel, and for their Complaint against Raleigh Mine and Industrial Supply, Inc. and Stirl Richard Smith (sometimes collectively referred to herein as "Defendants"), state the following:

### Parties and Background

1.     Plaintiff Bruce Addington ("B. Addington") is a resident of Lexington, Kentucky, and is a stockholder in Defendant Raleigh Mine and Industrial Supply, Inc. ("RMIS"). B. Addington owns 43 shares of RMIS's stock, representing 9.51% of its 452 shares of issued and outstanding stock.

2.     Plaintiff Donna Addington ("D. Addington") is a resident of Lexington, Kentucky, and is a stockholder in RMIS. D. Addington owns 73 shares of RMIS's stock, representing 16.15% of its 452 shares of outstanding stock.

3.     Plaintiff Robert Addington ("R. Addington") is a resident of Lexington, Kentucky.

1

4.      Defendant RMIS is a West Virginia corporation with its principal office located at 1500 Mill Creek Road, Mount Hope, Fayette County, West Virginia.  RMIS is a closely-held corporation with five (5) shareholders of record.  The majority of RMIS's business is conducted within West Virginia.

5.      Defendant Stirl Richard Smith ("Smith") is a resident of Putnam County, West Virginia, and is the Chief Executive Officer and Chairman of the Board of Directors of RMIS. Defendant Smith owns 252 shares of RMIS's common stock, representing 55.75% of its 452 shares of issued and outstanding stock.

6.      Defendant Smith's initial investment in RMIS was 84 shares of common stock. Defendant Smith, over a number of years, acquired 168 additional shares of RMIS common stock from departing shareholders and/or from RMIS's treasury stock.

7.      B. Addington and R. Addington where initial shareholders of RMIS when it was formed in 1978.  From the formation of RMIS through 2011, B. Addington and/or R. Addington served on RMIS's Board of Directors and, at times, served as officers of the company.

8.      In 2011, after R. Addington and B. Addington resisted an acquisition proposed by Defendant Smith, Defendant Smith called a special meeting of the shareholders to remove R. Addington and B. Addington as directors of RMIS.  R. Addington and B. Addington were replaced on the Board of Directors by Defendant Smith's cousin, Judith A. Smith, and Donna Zandlo, Chief Financial Officer of RMIS.

9.      On May 21, 2012, RMIS held its annual shareholders' meeting at the office of West Virginia Steel, Inc., an RMIS affiliated company, located in Poca, Putnam County, West Virginia.

2

10.     Plaintiff D. Addington gave R. Addington proxy to vote her shares on all matters at RMIS's annual shareholders' meeting.  D. Addington's proxy was timely and appropriately delivered to RMIS prior to the annual shareholders' meeting.

11.     During RMIS's annual shareholders' meeting, R. Addington nominated B. Addington and himself to serve as directors of RMIS.

12.     Prior to the annual shareholders meeting, R. Addington insisted that the shareholders be granted their constitutional right to cumulate their votes in the election of RMIS's directors.  Defendants illegally refused to honor the shareholders legal right to cumulative voting in the election of directors.  As a result of the Defendants' denial of cumulative voting, Defendant Smith was able to improperly and illegally abuse his majority shareholder position and block R. Addington and/or B. Addington from their legal right to serve on RMIS's Board of Directors.

## Jurisdiction and Venue

13.     Plaintiffs adopt and incorporate Paragraphs 1 through 12 of their Complaint as if fully set forth herein.

14.     Jurisdiction is proper in this court because the Plaintiffs and the Defendants are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15.     Venue is appropriate in the United States District Court for the Southern District of West Virginia, because: (1) RMIS's principal office and place of business is located within the Southern District of West Virginia; (2) Defendant Smith resides within the Southern District of West Virginia; (3) the majority of RMIS's business is conducted within the Southern District of West Virginia; (4) the majority of RMIS's assets are located in the Southern District of West

3

Virginia; and (5) RMIS's books and records are maintained within the Southern District of West Virginia.

**Count I**
**Violation of Constitutional Right**
**To Cumulative Voting To Elect Directors**

16.     Plaintiffs adopt and incorporate Paragraphs 1 through 15 of their Complaint as if fully set forth herein.

17.     Defendants illegally refused to honor the right of RMIS shareholders to cumulate their votes in the election of directors at the annual shareholders' meeting held on May 21, 2012.

18.     Article XI, Section 4 of the West Virginia Constitution provides, in pertinent part, as follows:

> ... in all elections for directors or managers of incorporated companies, every stockholder holding stock having the right to vote for directors, ***shall have the right to vote***, in person or by proxy, for the number of shares of stock owned by him, for as many persons as there are directors or managers to be elected, *or to cumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal*, or to distribute them on the same principle among as many candidates as he shall think fit*; and such directors or managers shall not be elected in any other manner*.

(emphasis added).

19.     Defendants violated the express rights granted and guaranteed to the Plaintiffs under Article XI, Section 4 of the West Virginia Constitution by illegally refusing to honor the shareholders' right to cumulate their votes in the election of RMIS's directors at the May 21, 2012 annual shareholders' meeting.

20.     R. Addington and B. Addington are legally directors of RMIS because if the Defendants had honored the shareholders' legally protected right to cumulate votes in the election of directors there were sufficient votes to elect R. Addington and B. Addington to

4

RMIS's Board of Directors.  Defendants are illegally prohibiting R. Addington and B. Addington from serving on the Board of Directors.

21.     This Court is authorized to grant and Plaintiffs hereby request declaratory judgment declaring that: (1) the RMIS shareholders are entitled, pursuant to Article XI, Section 4 of the West Virginia Constitution, to cumulative voting in the election of RMIS's directors; (2) the election of RMIS directors that occurred on May 21, 2012 is null and void; (3) all actions taken by the RMIS Board of Directors since the May 21, 2012 shareholder meeting are null and void; and (4) R. Addington and B. Addington are legal and rightful directors of RMIS because if the Defendants had honored the shareholders' constitutional right to cumulative voting R. Addington and B. Addington would have received sufficient votes to be elected to the Board of Directors.

22.     This Court is authorized to grant and the Plaintiffs hereby request preliminary and permanent injunctive relief ordering the Defendants to permit R. Addington and B. Addington to serve as directors, or, in the alternative, ordering: (1) Defendants to immediately call and hold a special meeting of shareholders' in which a re-vote will be held to elect directors; (2) that during the re-vote to elect directors the shareholders shall be permitted to cumulate their votes; and (3) enjoining the RMIS Board of Directors from taking any further action until a re-vote is held to elect RMIS's directors.

## Count II
## Violation of Right
## To Inspect Records

23.     Plaintiffs adopt and incorporate Paragraphs 1 through 22 of their Complaint as if fully set forth herein

24.     West Virginia Code Section 31D-16-1602 provides shareholders the right to inspect corporate minutes, accounting records, and the record of shareholders if the demand to inspect is made in good faith and for a proper purpose, the shareholder describes with particularity his or her purpose and records he or she desires to inspect, and the records are directly connected to the purpose.

25.     West Virginia Code Section 31D-16-1605 provides directors the right to inspect corporate records to the extent it is reasonably related to the performance of the director's duties as a director.

26.     Plaintiffs have made multiple requests to Defendants to inspect RMIS's records for the purpose of conducting an audit of RMIS's financial condition and to determine the appropriateness of certain related party transactions.  Plaintiffs have notified RMIS that their inspection will be conducted through their accountants and legal counsel.

27.     Plaintiffs' requests to inspect RMIS's records have been made in good faith and for a proper purpose.  Plaintiffs have described with the requisite particularity their purpose for inspection and the records that they desire to inspect.  The records that the Plaintiffs have requested to inspect are directly connected to the purpose.

28.     After multiple requests, Defendants have not granted Plaintiffs or Plaintiffs' accountants and legal counsel access to inspect the requested records of RMIS.

29.     Under West Virginia law, the records that the Plaintiffs request would be readily available to the directors of RMIS.  If Defendants had honored the constitutional right of the shareholders to cumulate votes in the election of directors R. Addington and B. Addington would have received sufficient votes to be elected directors.  R. Addington and B. Addington are lawful directors of RMIS regardless of whether the Defendants acknowledge them as directors.

Accordingly, Plaintiffs R. Addington and B. Addington should have access to the RMIS records to the same extent that a director would be entitled to under law.

30.     Pursuant to West Virginia Code Section 31D-16-1604 this Court is authorized to issue and Plaintiffs request an order directing the Defendants to grant Plaintiffs and Plaintiffs' accountants and legal counsel immediate and complete access to the financial records, minutes, and other records of RMIS necessary for Plaintiffs to conduct an audit of RMIS's financial condition.

**Count III**
**Breach of Fiduciary Duty**

31.     Plaintiffs adopt and incorporate Paragraphs 1 through 30 of their Complaint as if fully set forth herein.

32.     Defendant Smith, as a director and officer of RMIS, owes fiduciary duties to the shareholders of RMIS.

33.     Plaintiffs B. Addington and D. Addington are minority shareholders of RMIS and hold no positions as director or officer of the company.

34.     Defendant Smith, as majority shareholder of RMIS, a closely-held business, owes fiduciary duties to the minority shareholders of RMIS including the Plaintiffs.

35.     Pursuant to West Virginia Code Section 31D-8-830, Defendant Smith, as a director of RMIS, is required to act in good faith and in the best interest of RMIS.

36.     Pursuant to West Virginia Code Section 31D-8-842, Defendant Smith, as an officer of RMIS, is required to act in good faith, with the care that a like person would reasonably exercise under similar circumstances and in the best interest of RMIS.

37.     Defendant Smith, in his capacity as director, officer, and majority shareholder of RMIS, has a fiduciary duty not to engage oppressive conduct towards B. Addington, D. Addington and RMIS's other minority shareholders.

38.     Defendant Smith owes a fiduciary duty of a good faith and fair dealing to B. Addington, D. Addington and the other minority shareholders of RMIS.

39.     Defendant Smith, as officer, director, and majority shareholder of RMIS occupies a fiduciary relationship to RMIS shareholders, and Defendant Smith is required to account to such shareholders of RMIS for any money, property, or other assets of RMIS that he has diverted for his benefit or for the benefit of his family members.

40.     Defendant Smith breached the fiduciary duties he owes to the B. Addington, D. Addington and other minority shareholders by engaging in oppressive conduct against the Plaintiffs to freeze or squeeze out B. Addington, D. Addington and the other minority shareholders by removing minority shareholders from all positions of power within RMIS without any legitimate business purpose.

41.     Defendant Smith breached the fiduciary duties he owes to B. Addington, D. Addington and the other minority shareholders by engaging in oppressive conduct against Plaintiffs B. Addington and D. Addington to freeze or squeeze out B. Addington, D. Addington and the other minority shareholders by refusing to pay dividends to shareholders; thus, denying B. Addington, D. Addington and other minority shareholders from receiving any benefit whatsoever from their investment in RMIS.

42.     During the annual shareholders' meeting held on May 21, 2012, Defendant Smith breached the fiduciary duties he owes to B. Addington, D. Addington and other minority

shareholders by engaging in oppressive conduct by refusing to honor the legal right of shareholders to cumulate their votes in the election of directors.

43.     Defendant Smith has breached and continues to breach the fiduciary duties he owes to B. Addington, D. Addington and other minority shareholders by permitting and continuing to permit RMIS to pay substantial, excessive, and unjustified director's fees to the directors of RMIS to the benefit of himself and family members and to the detriment of RMIS and its minority shareholders.

44.     Upon information and belief, Defendant Smith has breached and continues to breach the fiduciary duties he owes to B. Addington, D. Addington and other minority shareholders by hiring family members as employees of RMIS and/or its affiliated companies and by paying those family members excessive salaries and bonuses that are not commensurate with the family members' experience, qualifications, and duties.

45.     Upon information and belief, Defendant Smith has breached the fiduciary duties he owes to B. Addington, D. Addington and other minority shareholders by engaging in acts of self-dealing with RMIS and/or its affiliate companies to the benefit of himself and his family members and to the detriment of RMIS and RMIS's shareholders.

46.     In Spring 2012 Defendant Smith was approached by Randal Stephenson, Managing Director, Head of Energy and Mining Investment Banking, of Duff & Phelps Securities, LLC, a leading investment banking firm, regarding a possible sale or merger of RMIS. Defendant Smith owed a fiduciary duty to the shareholders of RMIS to fully investigate whether a sale or merger of RMIS was in the best interest of the shareholders. Defendant Smith has refused, and continues to refuse, to investigate a sale or merger of RMIS. Defendant Smith breached, and continues to breach, his fiduciary duties to the shareholders of RMIS by refusing

9

to consider a sale or merger of the company. As a result of Defendant Smith's breach, the value of shareholders' holdings in RMIS has been reduced.

47.     Defendant Smith's breaches of his fiduciary duties to B. Addington, D. Addington and the other minority shareholders constitute violations of Defendant Smith's legal obligations as director and officer of RMIS to act in good faith and in the best interest RMIS.

48.     Defendant Smith's breaches of his fiduciary duties to B. Addington, D. Addington and the other minority shareholders were intentional, malicious, wanton, reckless, and in complete disregard for the rights of the Plaintiffs and the other minority shareholders of RMIS.

49.     As a result of Defendant Smith's breaches of his fiduciary and legally mandated duties, the Plaintiffs B. Addington and D. Addington have, and continued to suffer substantial monetary harm.

**WHEREFORE,** Plaintiffs seek judgment against Defendants for the following:

i.     Compensatory damages in an amount to be determined at trial as a result of Defendant Smith's multiple breaches of his fiduciary duties to Plaintiffs B. Addington and D. Addington in an amount to be determined at trial;

ii.     Punitive damages, to the extent that the Court finds that Defendant Smith's actions in breaching his fiduciary duties to the Plaintiffs B. Addington and D. Addington were willful, wanton, malicious, reckless or intentional;

iii.     An order requiring the Defendants to grant Plaintiffs and Plaintiffs' representatives full access to the records of RMIS for the purpose of conducting an audit of RMIS's records;

iv.     An order declaring that RMIS shareholders are entitled, pursuant to Article XI, Section 4 of the West Virginia Constitution, to cumulative voting in the election of

RMIS's directors;

     v.     An order declaring the May 21, 2012 election of the directors of RMIS null and void and unconstitutional;

     vi.     An order declaring null and void all actions taken by the RMIS Board of Directors since the May 21, 2012 shareholders' meeting;

     vii.     An order declaring that R. Addington and B. Addington are lawful directors of RMIS, or in the alternative, an order requiring Defendants to immediately hold a new election of directors at which the shareholders shall be permitted to cumulate votes;

     viii.     An order enjoining RMIS's Board of Directors from taking any further action until R. Addington and B. Addington are permitted to serve as directors;

     ix.     Attorneys' fees, costs, expenses incurred in connection with this action; and

     x.     Such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTFFS DEMAND A TRIAL BY JURY.**

**BRUCE ADDINGTON**
**DONNA ADDINGTON and**
**ROBERT ADDINGTON**

By Counsel,

Robert B. Allen, Esq. (WVSB #0110)
James M. Sturgeon, Jr., Esq. (WVSB #3651)
Charles W. Pace, Jr., Esq. (WVSB #8076)
Kay Casto and Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
Counsel for Plaintiffs
(304) 345-8900  (304) 345-8909 (facsimile)